UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JG SNIDER ENTERPRISES, INC., et al.,<br><br>Defendants. | No. 1:21-cv-00854-ADA-SKO<br><br>ORDER GRANTING MOTION FOR PARTIAL VOLUNTARY DISMISSAL<br><br>(ECF No. 74) |

**A.     Background**

On May 28, 2021, Plaintiff United States of America ("Plaintiff") filed a complaint against several Defendants, including Defendant JG Snider Enterprises, Inc. (ECF No. 1.) On March 16, 2022, Plaintiff filed a first amended complaint. (ECF No. 59.) On May 19, 2023, the parties filed a stipulation and proposed order for partial voluntary dismissal. (ECF No. 74.)

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, the parties jointly move to dismiss a portion of this action seeking to reduce to judgment the employment tax assessment (Form 941) made against JG Snider Enterprises for the first quarter of 2019 (201903). (ECF No. 75 at 2.) Defendants indicate no objection to the partial dismissal, as indicated in Plaintiff's Settlement Acknowledgement Letter dated February 15, 2023. (*Id.*) Defendants also have not asserted any counterclaims. (*Id.*) The Internal Revenue Service expressed that although the parties agree to dismiss the action to the extent that it seeks to recover the above employment tax liability,

it is not abating the assessment and Defendant JG Snider Enterprises shall remain liable for the assessment to the extent provided by law. (*Id.*) Therefore, the parties request that the Court dismiss the portion of this action seeking to reduce to judgment the employment tax assessment (Form 941) made against Defendant JG Snider Enterprises for the first quarter of 2019 (201903). (*Id.*)

## B.     Legal Standard

Rule 41(a)(2) provides in pertinent part that where a defendant has served an answer or motion for summary judgment, or does not stipulate to a dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.* "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, [citation], or unfairly affected by dismissal. [Citations.]" *Stevedoring Services of America v. Armilla International B. V.*, 889 F.2d 919, 921 (9th Cir. 1989).

The decision to grant or deny a motion pursuant to Rule 41(a)(2) is "within the sound discretion of the trial court and may be reviewed only for abuse of that discretion." *Phillips v. Illinois Central Gulf Railroad,* 874 F.2d 984, 986 (9th Cir. 1989). A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant will "suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts." *Id.* "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

## C. Discussion

Accordingly, the Court finds that the parties' request to dismiss a portion of this action is properly made pursuant to Rule 41(a)(2). As Defendant JG Snider Enterprises has not made a showing of legal prejudice by the dismissal of the portion of the action seeking to reduce to judgment the employment tax assessment (Form 941) made against JG Snider Enterprises for the first quarter of 2019 (201903), and no other defendant has made a claim of prejudice, the Court will grant the request for dismissal. *See, e.g.*, *Fardig v. Hobby Lobby Stores, Inc.*, No. SACV1400561JVSANX, 2014 WL 12694581, at *2 (C.D. Cal. Nov. 10, 2014) ("Voluntary

dismissal under 41(a)(2) is granted liberally, provided a party will not suffer legal prejudice.") (citing *Stevedoring Servs. of Am.*, 889 F.2d at 921).

Accordingly,

1. The Parties' joint motion for partial dismissal, (ECF No. 74), is GRANTED in full.

IT IS SO ORDERED.

Dated:   June 5, 2023

_____
UNITED STATES DISTRICT JUDGE

3